1  Sid Leach (AZ Bar 019519)
   sleach@swlaw.com
2  Patricia Lee Refo (*Pro Hac Vice*)
   prefo@swlaw.com
3  David E. Rogers (*Pro Hac Vice*)
   drogers@swlaw.com
4  David G. Barker (*Pro Hac Vice*)
   dbarker@swlaw.com
5  Jacob C. Jones (*Pro Hac Vice*)
   jcjones@swlaw.com
6  SNELL & WILMER L.L.P.
   One Arizona Center
7  400 E. Van Buren
   Phoenix, AZ  85004-2202
8  Telephone:     602.382.6000
   Facsimile:     602.382.6070
9
   Attorneys for Defendants
10 Venture Corporation, Ltd. and
   Cebelian Holding PTE, Ltd.
11

*Snell & Wilmer*
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

12            **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14            **SAN JOSE DIVISION**

15 FITEQ, INC.,                          Case No. 13-cv-01946 EJD (PSG)

16                 Plaintiff,            **REQUEST FOR INTERNATIONAL**
                                         **JUDICIAL ASSISTANCE PURSUANT TO**
17       v.                              **THE HAGUE CONVENTION OF 18**
                                         **MARCH 1970 ON THE TAKING OF**
18 VENTURE CORPORATION, LTD. and         **EVIDENCE ABROAD IN CIVIL OR**
   CEBELIAN HOLDING PTE, LTD.            **COMMERCIAL MATTERS**
19
                 Defendants.            Judge: Hon. Paul S. Grewal
20

21      **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE**
22       **HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN**
                      **CIVIL OR COMMERCIAL MATTERS**
23

24          The United States District Court for the Northern District of California ("Court"), on the

25 application of Venture Corporation, Ltd. ("Venture") and Cebelian Holding PTE, Ltd.

26 (collectively "Defendants"), submits this Letter of Request to the District Court in The Hague, the

27 Netherlands (as both the central as well as the competent authority) under the Hague Convention

28 of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague

Convention").  It has been determined by this Court that certain documents in the possession of

Brightsight B.V., which is headquartered in your jurisdiction (Brightsight B.V. is headquartered

in Delft, the Netherlands), and Jan Blonk and Paul Szulc, employees of Brightsight B.V., are

necessary to the above-captioned civil suit now pending in this Court in which the above-

described Plaintiff and Defendants are parties.  The purpose of this Letter of Request is to obtain

these documents for use at trial.  Pursuant to Annex I of the Hague Convention, the following

information is provided:

### 1. Sender

The Honorable Paul S. Grewal
United States Magistrate Judge
U.S. District Court for the Northern District of California
San Jose Courthouse, Courtroom 5 – 4th Floor
280 South 1st Street
San Jose, CA 95113
United States of America

### 2. Central authority of the requested State

Mrs. J.M. Schluter-Harteveld
The District Court in The Hague (Rechtbank Den Haag)
Sector Civiel & Algemene Zaken
Postbus 20302
2500 EH The Hague, Netherlands

### 3. Persons to whom the executed request is to be returned

Dirk Knottenbelt
Houthoff Buruma
Weena 355
3013 AL Rotterdam
The Netherlands
Telephone: + 31 (0)10 217 2472; facsimile: + 31 (0)10 217 2758

### 4. Date by which the Requesting Authority requires receipt of the response to the Letter of Request

June 27, 2014

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

**5a. Requesting Judicial Authority (Article 3, *a*)**

The Honorable Paul S. Grewal
Magistrate Judge
U.S. District Court for the Northern District of California
San Jose Courthouse, Courtroom 5 – 4th Floor
280 South 1st Street
San Jose, CA 95113
United States of America

**5b. To the Competent Authority of (Article 3, *a*)**

Mrs. J.M. Schluter-Harteveld
The District Court in The Hague (Rechtbank Den Haag)
Sector Civiel & Algemene Zaken
Postbus 20302
2500 EH The Hague, Netherlands

**5c. Names of the case and identifying number**

FiTeq, Inc. v. Venture Corporation, Ltd. and Cebelian Holding PTE, Ltd.

Case No. 13-cv-01946 EJD (PSG)

**6. Names and addresses of the parties and their representatives**

      **A. Plaintiff: FiTeq, Inc**.

      FiTeq, Inc.
      101 Jefferson Dr.
      Menlo Park, CA 94025
      United States of America

      **Plaintiff's Representatives**

      Spencer Hosie
      Diane S. Rice
      George F. Bishop
      Darrell R. Atkinson
      Hosie Rice LLP
      Transamerica Pyramid, 34th Floor
      600 Montgomery Street
      San Francisco, CA 94111
      United States of America

      Telephone: +1 (415) 247-6000; facsimile: +1 (415) 247-6001

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**B. Defendant: Venture Corporation, Limited**

Venture Corporation, Ltd.
5006 Ang Mo Kio Ave 5
#05-O1/12 TECHplace II
Singapore 569873

**Defendant: Cebelian Holding PTE, Limited**

Cebelian Holding PTE, Ltd.
5006 Ang Mo Kio Ave 5
#05-O1/12 TECHplace II
Singapore 569873

**Defendants' Representatives**

Dirk Knottenbelt
Houthoff Buruma
Weena 355
3013 AL Rotterdam
The Netherlands
Telephone: + 31 (0)10 217 2472; facsimile: + 31 (0)10 217 2758

Sid Leach
Patricia Lee Refo
David E. Rogers
David G. Barker
Jacob C. Jones
Snell & Wilmer, LLP
One Arizona Center
400 E. Van Buren Street
Suite 1900
Phoenix, Arizona 85004
United States of America
Telephone: +1 (602) 382-6000; facsimile: +1 (602) 382-6070

**7A. Nature of the proceedings (Article 3, *c*)**

This is a civil action in which the current operative complaint is the Second Amended Complaint most recently filed by Plaintiffs on February 7, 2014, in *FiTeq, Inc. v. Venture Corporation, Ltd., and Cebelian Holding PTE, Ltd.*, Case No. 13-cv-01946 EJD.  This litigation is active and the parties are proceeding to trial in the Court before Judge Edward J. Davila and Judge Paul S. Grewal.  Further, this action is of commercial nature and was brought by Plaintiff seeking recovery for alleged breach of contract and fraud.  Defendants are seeking recovery for

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Plaintiff's breach of contract and conversion.  Discovery – including documentary production – is ongoing.  The parties have entered into a protective order covering the use of confidential material in the litigation ("Protective Order"), which is attached as Exhibit 1.

### 7B. Summary of Complaint

FiTeq and Venture contracted to develop a new type of fraud-resistant credit card, which was tested by Brightsight B.V. and its employees Jan Blonk and Paul Szulc.  The card was never fully developed, and the parties dispute the extent to which each is at fault. FiTeq alleges that Venture misrepresented testing results, including Brightsight's.  During the relevant time period, Brightsight performed independent testing of the credit cards.  Because of the Plaintiff's assertions in Rule 26(a) disclosures filed in this action on October 18, 2013, and the Second Amended Complaint filed February 7, 2014, Defendants have reasons to believe that relevant documents, including test results (as listed in the "Requests for Production," attached to this Letter of Request as Exhibit 2), are in the possession, custody, or control of Brightsight, Blonk, and/or Szulc, and the production of those documents is essential to a fair adjudication of material issues central to the dispute at hand.  These documents could disprove Plaintiff's assertions regarding Defendants' alleged breaches of contract and/or representations of test results. Therefore, documents relating to the results of Brightsight's tests are necessary to establish or disprove these allegations and Defendants, therefore, have a legitimate interest therewith.

### 7C. Summary of Defenses and Counterclaims

Defendants deny that either of them made any misrepresentation or that it is liable for breach of contract or fraud.  Venture alleges that FiTeq is liable for conversion of Venture's ownership interest in intellectual property and for breach of contract because FiTeq failed to pay Venture under the contract, failed to buy back stocks and inventory, and failed to complete other obligations under the contract.

### 8A. Evidence to be Obtained (Article 3, *d*)

Please see the "Requests for Production," attached to this Letter of Request as Exhibit 2.

### 8B. Purpose of the evidence or judicial act sought

This Letter of Request is for evidence that is expected to be used in the underlying civil

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

action (please also see answer to question "7B. <u>Summary of Complaint</u>"). The evidence will be treated consistent with the Protective Order that has already been entered in the case. Confidential information disclosed in *FiTeq, Inc. v. Venture Corp., Ltd. and Cebelian Holding PTE, Ltd.*, Case No. 13-cv-01946 EJD (PSG), is subject to the Protective Order attached to this Letter of Request as Exhibit 1. This Protective Order is designed to protect producing entities from any unauthorized use or disclosure of confidential or proprietary information. The Protective Order allows third parties to produce material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Protective Order §§ 2.2, 2.8, 2.9, 2.16, 10. The Protective Order provides that "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation." Protective Order § 7.1. The Protective Order provides for return or destruction of designated material within 60 days of the final disposition of the case. Protective Order § 14. This Court has jurisdiction over the parties and the Protective Order for the purposes of compliance with and enforcement of its terms. Third parties in the Netherlands – such as those from whom Defendants seek documents – may enforce the terms of the Protective Order against the Plaintiff and Defendants.

**9. Identity and address of any person to be examined (Article 3, *e*)**

**Brightsight B.V.**
Delftechpark 1
2628 XJ Delft
The Netherlands

**Jan Blonk**
c/o Brightsight B.V.
Delftechpark 1
2628 XJ Delft
The Netherlands

**Paul Szulc**
c/o Brightsight B.V.
Delftechpark 1
2628 XJ Delft
The Netherlands

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**10. Subject matter about which persons are to be examined (Article 3, *f*)**

Defendants are not requesting any testimony.

**11. Documents and other property to be inspected (Article 3, *g*)**

Please see the "Requests for Production," attached to this Letter of Request as Exhibit 2.

**12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h*)**

This Court requests that the witnesses execute the applicable Document Custodian Declarations attached as Exhibit 3.

**13. Special methods or procedure to be followed (Articles 3, *i* and 9)**

For production of documents, this Court requests that:

(a)    Brightsight B.V., Blonk and/or Szulc produce all documents within their possession, custody, or control, or to which Brightsight B.V., Blonk and/or Szulc otherwise have access, that are responsive to the document requests;

(b)    the requested documents be produced in the form of duplicates of the original documents instead of summaries or descriptions;

(c)    and any confidential information be so designated according to the terms of the Protective Order.

**14. Request for notification of the time and place for the execution of the Letter of Request and identity and address of any person to be notified (Article 7)**

This Court requests that the respective legal representatives for the Plaintiff and Defendants (listed in Section 6, above) be informed as soon as practicable of the time and place that the requested documents will be produced.

**15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)**

Not applicable.

**16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b)**

Any privilege to refuse to give evidence under United States law is contained in the United States Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable United States laws.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by Defendants.

**Conclusion**

It is respectfully requested that this Letter of Request be given the highest consideration and enforced as soon as practicable.  To the extent that any portion of the Letter of Request cannot be granted, it is respectfully requested that the remaining parts be granted.  This Court assures the Judicial Authorities in the Netherlands that it will reciprocate with similar assistance in like cases and extends the Judicial Authorities the assurances of its highest consideration.

The Court therefore requests that, in the interests of justice, and pursuant to the Hague Convention, to which the Netherlands and the United States are both parties, by your proper and usual process, the following documents be produced by June 27, 2014, and that such documents be sent directly to the attorneys identified in paragraph 3 herein.

DATED: May 9, 2014                                  Respectfully tendered,


Paul S. Grewal

United States Magistrate Judge

United States District Court
Northern District of California
United States of America


Seal:




Seal of the United States District Court
Northern District of California:

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

# **EXHIBIT 1**

Protective Order

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| FITEQ, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>VENTURE CORPORATION, LTD. and<br>CEBELIAN HOLDING PTE, LTD.<br><br>        Defendants. | Case No.: 5:13-cv-01946-EJD-PSG<br><br>**STIPULATED PROTECTIVE ORDER<br>FOR LITIGATION INVOLVING<br>PATENTS, HIGHLY SENSITIVE<br>CONFIDENTIAL INFORMATION<br>AND/OR TRADE SECRETS** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section

14.4, below, that this Stipulated Protective Order does not entitle them to file confidential

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

the standards that will be applied when a party seeks permission from the court to file material

under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of
information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is
generated, stored or maintained) or tangible things that qualify for protection under Federal Rule
of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as
well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it
produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
CODE".

2.6    Disclosure or Discovery Material: all items or information, regardless of the
medium or manner in which it is generated, stored, or maintained (including, among other things,
testimony, transcripts, and tangible things), that are produced or generated in disclosures or
responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to
the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or
as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's
competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party
or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only

those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. For electronic documents produced in native format, the Producing Party may (1) affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to the storage medium (e.g., compact disc or hard drive) that contains the electronic documents in native format, or (2) include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1   or "HIGHLY CONFIDENTIAL – SOURCE CODE" in the file names of the electronic

2   documents in native format.

3        A Party or Non-Party that makes original documents or materials available for inspection

4   need not designate them for protection until after the inspecting Party has indicated which

5   material it would like copied and produced. During the inspection and before the designation, all

6   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

7   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

8   copied and produced, the Producing Party must determine which documents, or portions thereof,

9   qualify for protection under this Order. Then, before producing the specified documents, the

10  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

12  CODE) to each page that contains Protected Material. If only a portion or portions of the material

13  on a page qualifies for protection, the Producing Party also must clearly identify the protected

14  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

15  portion, the level of protection being asserted.

16       (b)    for testimony given in deposition or in other pretrial or trial proceedings,

17  that the Designating Party identify on the record, before the close of the deposition, hearing, or

18  other proceeding, all protected testimony and specify the level of protection being asserted. When

19  it is impractical to identify separately each portion of testimony that is entitled to protection and it

20  appears that substantial portions of the testimony may qualify for protection, the Designating

21  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

22  a right to have up to 21 days to identify the specific portions of the testimony as to which

23  protection is sought and to specify the level of protection being asserted. Only those portions of

24  the testimony that are appropriately designated for protection within the 21 days shall be covered

25  by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

26  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

27  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

      (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

1   make such a motion including the required declaration within 21 days (or 14 days, if applicable)

2   shall automatically waive the confidentiality designation for each challenged designation. In

3   addition, the Challenging Party may file a motion challenging a confidentiality designation at any

4   time if there is good cause for doing so, including a challenge to the designation of a deposition

5   transcript or any portions thereof. Any motion brought pursuant to this provision must be

6   accompanied by a competent declaration affirming that the movant has complied with the meet

7   and confer requirements imposed by the preceding paragraph.

8       The burden of persuasion in any such challenge proceeding shall be on the Designating

9   Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

10  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

11  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

12  file a motion to retain confidentiality as described above, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing Party's

14  designation until the court rules on the challenge.

15  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

16      7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

17  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

18  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

19  the categories of persons and under the conditions described in this Order. When the litigation has

20  been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

21  DISPOSITION).

22      Protected Material must be stored and maintained by a Receiving Party at a location and

23  in a secure manner that ensures that access is limited to the persons authorized under this Order.

24      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

25  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

26  information or item designated "CONFIDENTIAL" only to:

27      (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

28  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

1  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

2  Bound" that is attached hereto as Exhibit A;

3         (b)     Designated House Counsel of the Receiving Party (1) who has no

4  involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for

5  this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

6  A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been

7  followed;

8         (c)     Experts of the Receiving Party (1) to whom disclosure is reasonably

9  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

10  Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

11  have been followed;

12         (d)     the court and its personnel;

13         (e)     court reporters and their staff, professional jury or trial consultants, mock

14  jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

15  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

16         (f)     the author or recipient of a document containing the information or a

17  custodian or other person who otherwise possessed or knew the information.

18         7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

20  CODE" Information or Items to Designated House Counsel or Experts.

21         (a)(1)   Unless otherwise ordered by the court or agreed to in writing by the

22  Designating Party, a Party that seeks to disclose to Designated House Counsel any information or

23  item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

24  pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that

25  (1) sets forth the full name of the Designated House Counsel and the city and state of his or her

26  residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable

27  future primary job duties and responsibilities in sufficient detail to determine if House Counsel is

28  involved, or may become involved, in any competitive decision-making.

(a)(2)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code

1     review, but only to ensure that there is no unauthorized recording, copying, or transmission of the

2     source code.

3            (d)      The Receiving Party may request paper copies of limited portions of source

4     code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

5     or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

6     reviewing the source code other than electronically as set forth in paragraph (c) in the first

7     instance. The Producing Party shall provide all such source code in paper form including bates

8     numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party

9     may challenge the amount of source code requested in hard copy form pursuant to the dispute

10     resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

11     "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

12     resolution.

13            (e)      The Receiving Party shall maintain a record of any individual who has

14     inspected any portion of the source code in electronic or paper form. The Receiving Party shall

15     maintain all paper copies of any printed portions of the source code in a secured, locked area. The

16     Receiving Party shall not create any electronic or other images of the paper copies and shall not

17     convert any of the information contained in the paper copies into any electronic format. The

18     Receiving Party shall only make additional paper copies if such additional copies are

19     (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

20     expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

21     case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the

22     end of each day and must not be given to or left with a court reporter or any other individual.

23    9.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

24          LITIGATION</u>

25         If a Party is served with a subpoena or a court order issued in other litigation that compels

26     disclosure of any information or items designated in this action as "CONFIDENTIAL" or

27     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

28     SOURCE CODE" that Party must:

1         (a)    promptly notify in writing the Designating Party. Such notification shall

2 include a copy of the subpoena or court order;

3         (b)    promptly notify in writing the party who caused the subpoena or order to

4 issue in the other litigation that some or all of the material covered by the subpoena or order is

5 subject to this Protective Order. Such notification shall include a copy of this Stipulated

6 Protective Order; and

7         (c)    cooperate with respect to all reasonable procedures sought to be pursued by

8 the Designating Party whose Protected Material may be affected.

9       If the Designating Party timely seeks a protective order, the Party served with the

10 subpoena or court order shall not produce any information designated in this action as

11 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

12 "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

13 which the subpoena or order issued, unless the Party has obtained the Designating Party's

14 permission. The Designating Party shall bear the burden and expense of seeking protection in that

15 court of its confidential material – and nothing in these provisions should be construed as

16 authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

17 another court.

18 10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

19        LITIGATION

20         (a)    The terms of this Order are applicable to information produced by a Non-

21 Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

22 ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

23 information produced by Non-Parties in connection with this litigation is protected by the

24 remedies and relief provided by this Order. Nothing in these provisions should be construed as

25 prohibiting a Non-Party from seeking additional protections.

26         (b)    In the event that a Party is required, by a valid discovery request, to

27 produce a Non-Party's confidential information in its possession, and the Party is subject to an

28 agreement with the Non-Party not to produce the Non-Party's confidential information, then the

Party shall:

           1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

           2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

           3.    make the information requested available for inspection by the Non-Party.

        (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

    If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that

1  received the information of the claim and the basis for it. After being notified, a party must

2  promptly return or destroy the specified information and any copies it has and may not sequester,

3  use or disclose the information until the claim is resolved. This includes a restriction against

4  presenting the information to the court for a determination of the claim.

5  13.   MISCELLANEOUS

6      13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to

7  seek its modification by the court in the future.

8      13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective

9  Order no Party waives any right it otherwise would have to object to disclosing or producing any

10  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

11  Party waives any right to object on any ground to use in evidence of any of the material covered

12  by this Protective Order.

13      13.3   Export Control. Disclosure of Protected Material shall be subject to all applicable

14  laws and regulations relating to the export of technical data contained in such Protected Material,

15  including the release of such technical data to foreign persons or nationals in the United States or

16  elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

17  data, and the Receiving Party shall take measures necessary to ensure compliance.

18      13.4   Filing Protected Material. Without written permission from the Designating Party

19  or a court order secured after appropriate notice to all interested persons, a Party may not file in

20  the public record in this action any Protected Material. A Party that seeks to file under seal any

21  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

22  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

23  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

24  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

25  otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

26  Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

27  Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

28  79-5(e)(2) unless otherwise instructed by the court.

1   14.   FINAL DISPOSITION

2          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

3   Receiving Party must return all Protected Material to the Producing Party or destroy such

4   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

5   compilations, summaries, and any other format reproducing or capturing any of the Protected

6   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

7   submit a written certification to the Producing Party (and, if not the same person or entity, to the

8   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

9   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

10  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

11  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

12  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

13  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

14  product, and consultant and expert work product, even if such materials contain Protected

15  Material. Any such archival copies that contain or constitute Protected Material remain subject to

16  this Protective Order as set forth in Section 4 (DURATION).

17          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18  DATED: _____        _____
19                                             Attorneys for Plaintiff

20  DATED: _____        _____
21                                             Attorneys for Defendant

22  PURSUANT TO STIPULATION, IT IS SO ORDERED.

23  DATED: November 7, 2013                    _____
24                                             Paul S. Grewal
25                                             United States Magistrate Judge

26

27

28

- 18 -

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *FiTeq, Inc. v. Venture Corp., Ltd. et al.*, Case No. 5:13-cv-01946-EJD-PSG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                    [printed name]

Signature:_____
                  [signature]

18142149.1

- 19 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
———
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

# **EXHIBIT 2**

Requests for Production

**REQUESTS FOR PRODUCTION**

**DEFINITIONS**

1. "Brightsight" means Brightsight B.V. or TNO-ITSEF B.V., the former name of Brightsight B.V. prior to 2006, and any of its employees or agents, including Jan Blonk and Paul Szulc.

2. "Lawsuit" means the litigation pending in the United States entitled Fiteq, Inc. v. Venture Corporation, Ltd. and Cebelian Holding PTE, Ltd., Case No. 5:13-cv-01946 EJD (PSG).

3. "FiTeq" means Plaintiff FiTeq, Inc. and any of its employees or agents.

4. "Venture" means Defendant Venture Corporation, Ltd. and any of its employees or agents.

5. "Innovatier" means Innovatier, Inc., and any of its employees or agents.

6. "Privasys" means Privasys, Inc., and any of its employees or agents.

7. "Cinch" means Cinch Electronics, Inc., and any of its employees or agents.

8. "Card" or "cards" means any credit card, ATM card, debit card, or any component or subassembly of any credit card, ATM card or debit card.

9. "FiTeq Cards" or "FiTeq Card" refers to any prototypical, pre-production, or production card submitted directly or indirectly to Brightsight, on behalf of FiTeq or Venture (by FiTeq, Privasys, Innovatier, Cinch, or Venture), for testing, inspection, or evaluation of any kind. "FiTeq Cards" may include SecurTeq, TagTeq, MultiTeq, or FiTeq Vault cards.

10. "Privasys Cards" or "Privasys Card" refers to any prototypical, pre-production, or production card submitted directly or indirectly to Brightsight, on behalf of Privasys (by Privasys, or Cinch) for testing, inspection, or evaluation of any kind.

11. "Concerning," "referring to," "that refer(s) to," "relating to," "that relate(s) to," "regarding," and other variations thereof, as used herein shall be construed in their broadest possible sense, and shall mean without limitation: referring to, constituting, bearing upon, commenting upon, reflecting, evidencing, pertaining to, describing, depicting, consisting of, containing, comprising, embodying, identifying, stating, or having any logical or factual connection whatsoever with the subject addressed, regardless whether the factual connection is

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

favorable to or adverse to you.

12.     "Any, " "each, " and "all" shall be read to be all inclusive, and to require the production of each and every document (as hereinafter defined) responsive to the particular request for production in which such term appears.

13.     "And" and "or" shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of these requests any documents and things which would otherwise not be brought within their scope.

14.     "Including" shall not be used to limit any general category or description that precedes it and shall mean "including without limitation" so as to be inclusive.

15.     "Person" as used herein includes any natural person, firm, partnership, association, corporation, trust, and any other business, governmental or legal entity.

## INSTRUCTIONS

A.     In responding to these requests, please furnish all information that is in Brightsight, Blonk and/or Szulc's possession, custody, or control, or to which Brightsight B.V., Blonk and/or Szulc otherwise have access, that are responsive to the document requests;

B.     If there are no documents or things responsive to a particular request, please so state in writing.

## DOCUMENTS TO BE PRODUCED

1.     All emails, memos, letters, and reports between Brightsight and FiTeq or Venture or any employee or agent of FiTeq or Venture, between 2007 and 2014, related to the performance of a FiTeq Card or a Privasys Card.

2.     All emails, memos, and letters between Brightsight and Privasys or any employee or agent of Privasys, between 2004 and 2012, related to the performance of a FiTeq Card or a Privasys Card.

3.     All emails, memos, and letters between Jan Blonk and FiTeq or Privasys or any employee or agent of FiTeq or Privasys, between 2004 and 2014, related to the performance of a FiTeq Card or a Privasys Card.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

4.      All emails, memos, and letters between Paul Szulc and FiTeq or Privasys or any employee or agent of FiTeq or Privasys, between 2004 and 2014, related to the performance of a FiTeq Card or a Privasys Card.

5.      All emails, memos, and letters between Jan Pieters and FiTeq or Privasys or any employee or agent of FiTeq or Privasys, between 2004 and 2014, related to the performance of a FiTeq Card or a Privasys Card.

6.      All emails, memos, and letters between Doug McGovern and FiTeq or Privasys or any employee or agent of FiTeq or Privasys, between 2004 and 2014, related to the performance of a FiTeq Card or a Privasys Card.

7.      All emails, memos, letters, and reports to or from Brightsight, between 2007 and 2014, stating whether or not FiTeq's Europay, MasterCard, and Visa ("EMV") payment applet or Privasys' EMV payment applet conforms to the Compliance Assessment and Security Testing ("CAST").

8.      All emails, memos, letters, and reports relating to the EMV compliance of the FiTeq Card or Privasys Card created between 2004 and 2014, that include any successful or unsuccessful EMV or Global Platform ("GP") security evaluations.

9.      All versions of the testing results labeled "11-RPT-007."

10.     All versions of the testing results labeled "05-RPT-010."

11.     All versions of the testing results labeled "11-RPT-112."

12.     All versions of the testing results labeled "04-RPT-073b" or "Evaluation of the Privasys system."

13.     All versions of the testing results labeled "11-RPT-042."

14.     All Brightsight reports of testing results related to a FiTeq Card.

15.     All Brightsight reports, dated between January 2004 and February 2006, regarding Privasys's or FiTeq's VAULT software.

16.     Any and all "code review draft reports" regarding the FiTeq Cards or Privasys Cards created between 2004 and 2014.

17.     All emails, memos, and letters related to this litigation, including all emails,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

memos, and letters between Brightsight and Hosie Rice, LLP or Snell & Wilmer, LLP.

**[END REQUESTS FOR PRODUCTION]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

# **<u>EXHIBIT 3</u>**

## Document Custodian Declarations

## DECLARATION OF CUSTODIAN OF RECORDS FOR BRIGHTSIGHT B.V.

I hereby declare:

1.  I am the duly authorized custodian of records for Brightsight B.V., and I have authority to certify said records.

2.  The records attached hereto are a true copy of the records, which are requested in the Letter of Request.

3.  The records were prepared by personnel of Brightsight B.V., or persons acting under the control of personnel of Brightsight B.V., in the ordinary course of business at or near the time of the act, condition or event in the records.

4.  The records are kept in the course of regularly conducted business pursuant to a regular practice of Brightsight B.V.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____
(Date)

By _____
Signature

By _____
Name (Printed)

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

## DECLARATION OF JAN BLONK

I hereby declare:

    1.  The records attached hereto are a true copy of the records, which are requested in the Letter of Request, and I am personally familiar with the contents of the records.

    2.  The records were prepared by or for me, or delivered to or by me, in the ordinary course of Brightsight B.V.'s business, at or near the time of the act, condition or event in the records.

    3.  The records are kept in the course of regularly conducted business pursuant to my regular practice at Brightsight B.V.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____
                  (Date)

               By _____
                    Jan Blonk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1

## DECLARATION OF PAUL SZULC

2

I hereby declare:

3

4

    1.  The records attached hereto are a true copy of the records, which are requested in the Letter of Request, and I am personally familiar with the contents of the records.

5

6

    2.  The records were prepared by or for me, or delivered to or by me, in the ordinary course of Brightsight B.V.'s business, at or near the time of the act, condition or event in the records.

7

8

    3.  The records are kept in the course of regularly conducted business pursuant to my regular practice at Brightsight B.V.

9

10

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

11

    Executed on:  _____

12

              (Date)

13

          By _____

14

              Paul Szulc

15

19073746

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000