UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITEQ, INC., <br><br> Plaintiff, <br> v. <br><br> VENTURE CORPORATION, LTD. and <br> CEBELIAN HOLDING PTE, LTD., <br><br> Defendants. | Case No. 5:13-cv-01946-BLF-PSG <br><br> **ORDER RE: DISCOVERY** <br><br> **(Docket Nos. 103 and 105)** |

FiTeq moves to compel Venture to produce a Rule 30(b)(6) custodian of records.[1] Venture counters with a motion for a protective order that such a deposition is not warranted.[2] Earlier today, the parties appeared for a hearing on these motions.[3] After considering the arguments, the court rules as follows:

- Venture shall produce a Rule 30(b)(6) custodian of records witness capable of speaking to its document production.[4] The 30(b)(6) topics shall be limited to: (1a) what documents four

---

[1] *See* Docket No. 103.

[2] *See* Docket No. 105.

[3] *See* Docket No. 119.

[4] Venture's offer to respond to written interrogatories does not displace the need for a 30(b)(6) deposition. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003).

> District courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories. *See Mill-Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 549-50 (S.D.N.Y.1989) (listing "several reasons why

1

Case No. 5:13-cv-01946-BLF-PSG
ORDER RE: DISCOVERY

Venture executives had, kept and destroyed pertaining to specific gaps in production identified in three letters from Spencer Hosie to David Rogers[5] and (1b) what was done to search for responsive documents identified in the correspondence above.[6]

- Venture's Rule 30(b)(6) witness shall be prepared to testify about the topics identified above.  Venture has a "duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter."[7]  Although the court is cognizant that the burden upon Venture "to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one," the undersigned is "not aware of any less onerous means of assuring" that Venture's positions regarding its production – that are arguably central to the case – "can be fully and fairly explored."[8]

- To minimize the burden to Venture, FiTeq shall bear the cost of the witness' round-trip ticket to the United States, if necessary.[9]  The deposition shall take place no later than August 29, 2014.[10]

---

oral depositions should not be routinely replaced by written questions," including the need for follow-up, observation of a prospective witness's demeanor, and avoidance of receiving pre-prepared answers so carefully tailored that they are likely to generate additional discovery disputes); *Greenberg v. Safe Lighting Incorporated, Inertia Switch Division*, 24 F.R.D. 410, 411 (S.D.N.Y. 1959) ("Experience has made it abundantly clear that the advantages of oral examination far outweigh the advantages of written interrogatories in carrying out the deposition procedures in aid of discovery under the [Federal R]ules [of Civil Procedure]."); *see also National Life Ins. Co. v. Hartford Acc. and Indem. Co.*, 615 F.2d 595, 600 n.5 (3d Cir. 1980) ("[T]here are strong reasons why a party will select to proceed by oral deposition rather than alternate means, most significantly the spontaneity of the responses."). *Cf.* S.D.N.Y. Loc. Civ. R. 33.3(b) (stating that interrogatories other than those served at the commencement of discovery "may only be served . . . if they are a more practical method of obtaining the information sought than a request for production or *a deposition*") (emphasis added).

[5] *See* Docket No. 104-8, Ex. 8 (Exs. A-C).

[6] *See* Docket No. 103 at 6.

   In Topic 1.a., this notice specifies a witness on the "creation, maintenance, location, custodians and destruction" of requested documents, narrowed to just the documents identified in the very detailed "gap letters" from FiTeq's counsel.  Indeed, these gap letters are attached as Exhibits A-C to the deposition notice, Exh. 8 hereto.

   In Topic 1.b., the 30(b)(6) notice specifies corporate testimony as to "what was done to search for responsive documents," including "identifying the files and computers searched for, the scope of the search, the actions taken to perform the search," for the documents sought in FiTeq's requests for production. Exh. 8.

At oral argument, Venture's counsel conceded that FiTeq was entitled to information regarding "what computers were searched, how they were searched, what was searched in hard copy." Venture remaining objection is with the breadth of the deposition notice because – Venture says – it will not be able to adequately prepare any 30(b)(6) witness(es).  To address FiTeq's concerns the court has narrowed the 30(b)(6) scope as set out above.

[7] *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999).

[8] *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000).

[9] *See* Docket No. 103 at 16.

2

Case No. 5:13-cv-01946-BLF-PSG
ORDER RE: DISCOVERY

1  **IT IS SO ORDERED.**

2  Dated:  August 5, 2014

3  _____
   PAUL S. GREWAL
4  United States Magistrate Judge

---

Venture's are not objections based on relevancy, but rather are based on avoiding a corporate deposition and on cost: it does not want to produce a witness to give binding testimony on behalf of the corporation, and it does not want to spend the thousand dollars or so it would cost to fly a witness from Singapore to San Francisco.  Fine: FiTeq will buy the ticket.

[10] *See* Docket No. 109 at 7 ("For the reasons set forth above, FiTeq respectfully requests that this Court issue an order compelling Venture to produce a properly educated 30(b)(6) witness, as per the outstanding notice, no later than August 29, 2014.").

3

Case No. 5:13-cv-01946-BLF-PSG
ORDER RE: DISCOVERY