UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITEQ INC,<br><br>        Plaintiff,<br><br>    v.<br><br>VENTURE CORPORATION, et al.,<br><br>        Defendants. | Case No. 13-cv-01946-BLF<br><br>**ORDER ON DEFENDANTS' MOTION TO EXCLUDE EVIDENCE**<br><br>[Re: ECF 165] |

Defendants move, pursuant to Federal Rule of Civil Procedure 37, for an order excluding evidence of Plaintiff's lost profits and valuation and further preventing Plaintiff from asserting damages claims at trial based on lost profits and valuation. Defendants contend that Plaintiff's computations of these damages disclosed pursuant to Rule 26 are inadequate. *See* ECF 165 at 13-16. Plaintiff, in opposition, argues that its computations are adequate and that, because trial in this case is not scheduled to begin until August 2015, Defendants have not suffered any prejudice. *See* ECF 179 at 3-13, 16-20.

The Court heard oral argument on this motion on January 15, 2015. Having reviewed the governing law and the arguments of the parties, the Court finds Plaintiff's lost profits and valuation damages computations to be inadequate under Rule 26, but that the remedy Defendants request – exclusion of evidence of these damages at trial – is too severe, and that any prejudice can otherwise be corrected by adequate disclosure and a partial re-opening of fact discovery. As such, the Court DENIES Defendants' motion.

Rule 37 permits a Court to exclude evidence when a party "fails to provide information or identify a witness as required by Rule 26(a), . . . unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see also Hoffman v. Construction Protective Servs., Inc.*, 541

1   F.3d 1175, 1179-80 (9th Cir. 2008). This Rule was "intended to foster stricter adherence to
2   discovery requirements and to broaden the power of the district courts to sanction violations of
3   Rule 26." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010). Rule 26
4   requires a party to provide opposing counsel with "a computation of each category of damages
5   claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). District courts are granted wide
6   latitude to issue sanctions under Rule 37(c)(1) when a party is non-compliant with the Rule and
7   deficient in its disclosure obligations. *See, e.g.*, *Yeti by Molly, Inc. v. Deckers Outdoor Corp.*, 259
8   F.3d 1101, 1106-07 (9th Cir. 2001).

   A review of Plaintiff's third supplemental Rule 26 disclosures, produced to Defendants on December 5, 2014, reveals that Plaintiff has not provided sufficient description of its claim for $50-$110 million in lost profit damages that it seeks to recover from Defendants. *See* Barker Decl., ECF 165-4 Exh. 17. This third supplemental disclosure is the first time Plaintiff provided Defendant with any purported calculation as to its lost profits figure, previously stating in its second supplemental disclosure that its "calculation is based upon the information and analysis currently available," but providing no further breakdown of the lost profits figure. *See id.* Exh. 16 at 8.

   With its third supplemental disclosure, Plaintiff provided Defendants with three one-page exhibits, which included three charts containing some figures regarding lost profits. *Id.* Exh. 17 exhs. A-C. These figures are wholly inadequate for purpose of disclosing an actual computation of damages – Plaintiff provides Defendants with no description of *how* it has calculated the numbers contained in these charts. A computation of damages must be more than just a chart of numbers with no greater explication. *Cf. Hoffman*, 541 F.3d 1175, 1179-80. Plaintiff claims in its opposition to Defendants' motion that it has provided Defendants with "considerable detail" about its lost profits case in response to Defendants' interrogatories, *see* Opp., ECF 179 at 12-13, but it fails to show any way in which it has actually disclosed the "how" or "why" behind its contention that it is owed up to $110 million in lost profits damages consistent with Rule 26's requirements.

   A court may consider several factors in determining whether a party's failure to disclose is justified or harmless, including "(1) prejudice or surprise to the party against whom the evidence

is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Hoffman*, 541 F.3d at 1179 (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). These factors, particularly the ability of Plaintiff to cure the prejudice and the unlikelihood of disruption to trial, which is not scheduled to begin until August 31, 2015, *see* ECF 138, augur strongly in favor of fashioning a remedy short of completely excluding the evidence. In recognition of its prerogative under this circuit's governing law to impose sanctions on non-compliant parties, the Court will order Plaintiff to pay reasonable attorneys' fees to Defendants for any duplicative discovery they must now conduct regarding damages calculations, including but not limited to costs relating to re-deposing certain fact witnesses. *See Yeti by Molly*, 259 F.3d 1101, 1107.

Having discussed possible remedies and scheduling with the parties at the January 15, 2015 hearing, the Court HEREBY ORDERS the following:

1. No later than January 29, 2015, Plaintiff shall supplement its damages computation disclosures and provide those computations to Defendants.

2. No later than February 12, 2015, Defendants shall provide to Plaintiff a discovery plan, including in that plan any further discovery needed regarding damages computations and identifying any discovery that would be duplicative of prior efforts.[1]

3. Prior to February 19, 2015, the parties shall meet and confer regarding a discovery plan, and provide the Court with a joint report by February 23, 2015 outlining a proposed re-opening of fact discovery and relevant deadlines.

4. Upon receipt of the parties' joint report, the Court shall, if necessary, set a further case management conference to reset dates.

**IT IS SO ORDERED.**

Dated: January 16, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Plaintiff, as always, reserves the right to challenge the reasonableness of any fees sought by Defendants.

3