UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITEQ INC, | Case No.  13-cv-01946-BLF |
| Plaintiff, | |
| v. | **ORDER SETTING TELEPHONIC CONFERENCE REGARDING THE REOPENING OF FACT DISCOVERY; TENTATIVE RULINGS ON THE PARTIES' DISPUTES** |
| VENTURE CORPORATION, et al., | |
| Defendants. | [Re: ECF 214, 215, 220] |

On January 16, 2015, the Court ordered the parties to meet and confer regarding a partial reopening of fact discovery, having found inadequate Plaintiff's disclosures of certain damages computations. *See* ECF 194 at 3.

On January 29, 2015, Plaintiff provided Venture a supplemental damages disclosure of its damages computations. *See* ECF 220-2 Exh. B. In response, Venture has proposed a discovery plan. *See* ECF 220-1. Plaintiff has not agreed to a number of Venture's proposed terms, and the parties have submitted a joint report to the Court outlining their disputes. ECF 214. The parties have agreed in principle that Venture will take two additional Rule 30(b)(6) depositions: one regarding Plaintiff's alleged lost profits damages, the other regarding the valuation of the company. ECF 214 at 2. There remain, however, a number of disputes between the parties.

Although the Court contemplated that its order re-opening discovery would entail significant additional discovery efforts, Venture's proposed discovery plan appears out of proportion to the new damages calculations set forth in Plaintiff's January 29 supplemental disclosure. The Court's primary concern is that Venture's proposed discovery plan lacks focus and justification.

The parties are HEREBY ORDERED to appear for a telephonic conference on **March 10,**

**2015 at 5 p.m. Pacific Time**. This conference shall be off the record. The Court issues the following **tentative rulings** as to the parties' disputes, which the parties should be prepared to discuss at the conference:

1. <u>Third-party depositions regarding lost profits</u>: Venture requests to take six new third-party depositions of banks and/or card testing companies: Discover Financial Services, Serve, Dynamics, Applus, Eclipse, and Mandiri Bank. *See* ECF 220-1 at 2-3. Plaintiff contends these depositions are duplicative and could have taken place earlier. ECF 215 at 11-14.

Venture has not sufficiently explained the need for such expansive discovery other than to argue that it is proportional to Plaintiff's increased damages request. The Court cannot assist the parties in fashioning an appropriate discovery plan without knowing why these third-party depositions were not of sufficient value previously in the litigation, but now are essential to Venture's ability to defend itself. As such, the Court is inclined to deny Venture's request to take these six third-party depositions.

2. <u>Third-party depositions regarding "contactless security protocol"</u>: Venture states that it anticipates moving to exclude evidence regarding Plaintiff's "contactless security protocol," which it claims is related to Plaintiff's $300 million valuation. Venture asks to take five third-party depositions regarding this protocol: Visa, MasterCard, American express, First Data , and Apple Corp. ECF 220-1 at 3. Venture states, however, that it wants to wait until after it takes any lost profits depositions before "deciding whether to move to exclude [this evidence] or take additional discovery." ECF 220-1 at 3. Plaintiff argues that it has already produced "voluminous discovery" regarding this contactless security protocol, and that Venture has previously deposed witnesses on this issue. *See* ECF 215 at 11-14.

The Court is inclined to agree with Plaintiff and deny Venture's request to take these depositions as well. Though Venture argues that its proposed discovery is "proportional" to Plaintiff's increased damages request, it has also not shown why these depositions were unnecessary at an earlier stage of the litigation but are now essential to its defense.

3. <u>Deadline for Plaintiff's list of previously-produced documents on which it bases its $300 million business valuation</u>: The parties have agreed that Plaintiff, prior to the Rule 30(b)(6)

United States District Court
Northern District of California

1  deposition as to valuation, will produce a list of documents previously produced and on which it

2  relied to reach its valuation estimate of $300 million. The Court is inclined to grant Plaintiff **one**

3  **week** from the date of the telephonic conference to produce this list.

4      4.  <u>Scheduling Venture's deadline to file a motion for summary judgment</u>: Venture has

5  not yet filed a motion for summary judgment, which was previously due to be filed on February

6  12, 2015. This deadline was obviated by the Court's order granting Venture the opportunity to re-

7  open fact discovery, as the Court noted at the January 16, 2015 hearing. *See* ECF 190 at 9.

8  Plaintiff, however, contends that Venture should not have the opportunity to seek summary

9  judgment on any issue other than damages. ECF 215 at 15-16.

10      Plaintiff is incorrect – Venture will not be denied the chance to file a dispositive motion

11  because it sought, successfully, to re-open fact discovery due to Plaintiff's failure to provide

12  adequate damages computations. As trial is scheduled to begin Monday, August 31, 2015, the

13  Court will, at the telephonic conference, set a date on which Venture's dispositive motion can be

14  heard, and the parties should be prepared to offer dates for such a motion to be heard no less than

15  60 days prior to the start of trial.

16      5.  <u>Attorneys' fees owed Venture for duplicative discovery</u>: The Court previously

17  ordered that Plaintiff would be liable for costs to Venture arising out of any duplicative discovery

18  regarding damages calculations. *See* ECF 194 at 3. Venture may file with the Court a motion for

19  costs for any duplicative discovery on damages following the completion of such new discovery,

20  and Plaintiff may challenge that request on reasonableness grounds.

21      6.  <u>Attorneys' fees allegedly owed Venture for Plaintiff's now-abandoned claim for $1</u>

22  <u>billion in lost profits damages</u>: Following the Court's Order requiring further disclosure of

23  Plaintiff's damages computations, Plaintiff provided Venture with its January 29 supplemental

24  disclosure. This disclosure included maximum lost profits damages amounting to over $1 billion.

25  Venture states that it retained experts and engaged in discovery to address this increased damages

26  amount. Then, on February 20, 2015, Plaintiff agreed to limit its lost profits damages claim to $78

27  million. Venture now seeks fees related to the costs it incurred during the three week period

28  between Plaintiff's $1 billion disclosure and its agreement to limit its lost profits damages to $78

United States District Court
Northern District of California

United States District Court
Northern District of California

1  million.

2      Venture points to two cases, *Nassiri*, 2011 WL 2977127 (D. Nev. July 21, 2011), and *R&R*

3  *Sails, Inc.*, 251 F.R.D. 520 (S.D. Cal. 2008), which it contends support sanctioning Plaintiff. Both

4  of these cases, however, involved the sanctioning of parties who failed to timely and adequately

5  supplement their initial disclosures – parties in both cases were awarded fees related to bringing

6  motions requesting further supplemental damages calculations. The situation here is quite

7  different: the Court has already ordered that Plaintiff will be liable to pay reasonable fees relating

8  to any duplicative discovery regarding damages, *see* ECF 194, but Venture also wants additional

9  fees because it expended resources to develop its strategy to defeat Plaintiff's $1 billion damages

10  request. Less than a month passed between the disclosure of this damages amount and Plaintiff's

11  limiting of its lost profits damages request to $78 million. Further, Venture does not state why the

12  expenses it put forth to address the $1 billion damages amount are now rendered obsolete by

13  Plaintiff's still-substantial $78 million damages request. The Court is therefore not inclined to

14  grant any fees requested by Venture related to costs incurred during the period of January 29 to

15  February 20.

16      The Court will issue its final rulings on these questions at the telephonic conference

17  between the parties. The parties should be prepared to discuss the Court's concerns raised above,

18  and to schedule all further dates for discovery and motion deadlines before trial.

19      **IT IS SO ORDERED.**

20  Dated: March 4, 2015

21

22  _____

BETH LABSON FREEMAN
United States District Judge

23

24

25

26

27

28