UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITEQ INC,<br><br>        Plaintiff,<br><br>    v.<br><br>VENTURE CORPORATION, et al.,<br><br>        Defendants. | Case No. 13-cv-01946-BLF<br><br>**ORDER RE: SUPPLEMENTAL DISCOVERY FOLLOWING TELEPHONIC DISCOVERY CONFERENCE** |

On March 10, 2015, the parties in the above-captioned action appeared telephonically for an unreported discovery conference to discuss disputes related to the partial re-opening of fact discovery as ordered by the Court. ECF 194. The Court sets forth its rulings on these disputes below:

1. <u>Third-party depositions regarding lost-profits</u>: The Court found, consistent with its tentative ruling, that the six depositions requested by Venture (of Discovery Financial Services, Serve, Dynamics, Applus, Eclipse, and Mandiri Bank) do not relate to Plaintiff's supplemental damages computation, and thus **denies** Venture's request to take these six depositions as a remedy for Plaintiff's failure to produce a sufficient damages computation pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

2. <u>Third-party depositions regarding "contactless security protocol"</u>: Though the Court indicated in its tentative ruling that it was inclined to deny Venture's request to take five further depositions (of Visa, MasterCard, American Express, First Data, and Apple Corp.), the parties are **ordered to meet and confer** on this question because there is a dispute between them as to the scope of Plaintiff's reliance on the contactless security protocol for purposes of damages calculations. Plaintiff stated that it would send a letter to Defendant stating that it is not seeking

lost profits damages related to its contactless security protocol. Plaintiff shall send this letter to Defendant, and file a copy electronically with the Court, **no later than March 25, 2015**, and the parties shall further seek agreement by this date on the proper scope of additional discovery related to damages calculations, if any.

3. <u>Deadline for Plaintiff to produce a list of previously-produced documents on which it based its $300 million valuation</u>: Plaintiff agreed to produce this list **no later than March 17, 2015**. The Court orders the list produced by this date.

4. <u>Deadline for Venture's summary judgment motion to be filed, and other scheduling issues</u>: The Court informed that parties that the August 31, 2015 trial date will be postponed. The parties are ordered to contact Tiffany Salinas-Harwell, the Court's Courtroom Deputy, to obtain a mutually-agreeable date for trial no earlier than February 2016. The parties are further ordered to schedule a date on which Venture's summary judgment motion is to be heard—if such a motion is filed—no later than 90 days prior to the rescheduled trial date, and to set a briefing schedule for that motion. The parties must file with the Court a stipulated schedule including these dates no later than **March 25, 2015**.

5. <u>Venture's attorney's fees requests</u>: The Court has ordered that Plaintiff will be liable for costs to Venture arising from duplicative discovery regarding damages calculations. Venture may file a motion for such fees, not to exceed five pages, seeking reasonable fees related to duplicative discovery only. Venture's request to seek attorneys' fees relating to Plaintiff's now-abandoned claim for $1 billion in lost profits damages, however, is **denied**.

**IT IS SO ORDERED.**

Dated: March 12, 2015

_____
BETH LABSON FREEMAN
United States District Judge