1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5                 SAN JOSE DIVISION

6

7   FITEQ INC,                              Case No.  5:13-cv-01946-BLF

            Plaintiff,
8
                                            **ORDER DENYING MOTIONS TO SEAL**
9        v.
                                            [Re:  ECF 352, 355]
10  VENTURE CORPORATION, et al.,

            Defendants.
11

12          Before the Court are two administrative motions to seal from Plaintiff FiTeq, Inc.  *See*

13  Mots., ECF 352, 355.  FiTeq initially filed a motion to exclude Defendant Venture Corporation's

14  counterclaim for direct damages and also filed an accompanying motion to seal.  *See* Mots., ECF

15  352, 353.  FiTeq then re-captioned the motion to exclude as a motion in limine, and re-filed both

16  the substantive motion and the accompanying motion to seal.  *See* Mots., ECF 355, 356.  FiTeq's

17  first sealing motion, located at ECF 352, thus is DENIED as moot.  FiTeq's second sealing

18  motion, located at ECF 355, also is DENIED.

19  **I.      LEGAL STANDARD**

20          "Historically, courts have recognized a 'general right to inspect and copy public records

21  and documents, including judicial records and documents.'"  *Kamakana v. City & County of*

22  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

23  U.S. 589, 597 & n. 7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

24  presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

25  *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

26  motions that are "more than tangentially related to the underlying cause of action" bear the burden

27  of overcoming the presumption with "compelling reasons" that outweigh the general history of

28  access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

2       However, "while protecting the public's interest in access to the courts, we must remain

3   mindful of the parties' right to access those same courts upon terms which will not unduly harm

4   their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed.

5   Cir. 2013).  Records attached to motions that are "not related, or only tangentially related, to the

6   merits of a case" therefore are not subject to the strong presumption of access.  *Ctr. for Auto*

7   *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need

8   for access to court records attached only to non-dispositive motions because those documents are

9   often unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving

10   to seal the documents attached to such motions must meet the lower "good cause" standard of

11   Rule 26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This

12   standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

13   information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

14   1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by

15   specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*,

16   966 F.2d 470, 476 (9th Cir. 1992).  A protective order sealing the documents during discovery

17   may reflect the court's previous determination that good cause exists to keep the documents

18   sealed, *see Kamakana,* 447 F.3d at 1179-80, but a blanket protective order that allows the parties

19   to designate confidential documents does not provide sufficient judicial scrutiny to determine

20   whether each particular document should remain sealed.  *See* Civ. L.R. 79-5(d)(1)(A) ("Reference

21   to a stipulation or protective order that allows a party to designate certain documents as

22   confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

23       In addition to making particularized showings of good cause, parties moving to seal

24   documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to Civ. L.R.

25   79-5(b), a sealing order is appropriate only upon a request that establishes the document is

26   "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

27   the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and

28   must conform with Civil L.R. 79-5(d)."  Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the

submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.    DISCUSSION

Because FiTeq's motion in limine is non-dispositive, the Court applies the good cause standard.  With that standard in mind, the Court rules on the instant motion as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 355-7 | Ex. J to Hosie Decl. in support of Plaintiff's motion in limine no. 1 | UNSEALED. | Venture—the designating party— declares that the exhibit need not be sealed.  *See* Jones Decl. ¶ 2, ECF 359. |
| 355-8 | Ex. L to Hosie Decl. in support of Plaintiff's motion in limine no. 1 | UNSEALED. | Venture—the designating party— declares that the exhibit need not be sealed.  *See* Jones Decl. ¶ 2, ECF 359. |
| 355-9 | Ex. N to Hosie Decl. in support of Plaintiff's motion in limine no. 1 | UNSEALED. | Venture—the designating party— declares that the exhibit need not be sealed.  *See* Jones Decl. ¶ 2, ECF 359. |

**IT IS SO ORDERED.**

Dated:  August 9, 2016

BETH LABSON FREEMAN
United States District Judge