UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITEQ INC,<br><br>    Plaintiff,<br><br>    v.<br><br>VENTURE CORPORATION, et al.,<br><br>    Defendants. | Case No. 13-cv-01946-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE UNDER SEAL**<br><br>[Re: ECF 439] |

Before the Court is Defendants' motion for administrative relief to file under seal several exhibits to Defendants' opposition to Plaintiff's motion to reopen discovery. ECF 439. For the reasons discussed below, the motion is GRANTED.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

1   highlighting or other clear method, the portions of the document that have been omitted from the
2   redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
3   Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4   79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The sealing motions at issue are resolved under the good cause standard because Plaintiff's motion to reopen discovery is only tangentially related to the merits of this case. With this standard in mind, the Court rules on the instant motions as follows:

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 439-2 | Exhibit 1 to Defendants' Opposition to Plaintiff's Motion to Reopen Discovery and Exhibits 1-A, 1-B, and 1-C thereto | GRANTED as to the designations highlighted in green. | Contains a discussion of confidential FiTeq documents and reveals information pertaining to FiTeq suppliers, card specifications, and card readiness. |
| 439-4 | Exhibit 4 to Defendants' Opposition to Plaintiff's Motion to Reopen Discovery | GRANTED. | Details confidential commercial relationships between FiTeq and its suppliers; specifies FiTeq card components, reveals information on the card's manufacturing process flow, and discusses control processes; and discusses future FiTeq plans and their timeframe. |
| 439-6 | Exhibit 6 to Defendants' Opposition to Plaintiff's Motion to Reopen Discovery | GRANTED. | Reveals information pertaining to card readiness that, if revealed, could place FiTeq at a competitive disadvantage and could work serious economic injury to FiTeq. |
| 439-8 | Exhibit 7 to Defendants' Opposition to Plaintiff's Motion to Reopen Discovery | GRANTED. | Reveals information pertaining to card readiness that, if revealed, could place FiTeq at a competitive disadvantage and could work serious economic injury to FiTeq. |

3

| | | | |
|---|---|---|---|
| 439-10 | Exhibit 8 to Defendants' Opposition to Plaintiff's Motion to Reopen Discovery | GRANTED. | Reveals information pertaining to card readiness that, if revealed, could place FiTeq at a competitive disadvantage and could work serious economic injury to FiTeq. |

**IT IS SO ORDERED.**

Dated: September 26, 2016

_____
BETH LABSON FREEMAN
United States District Judge