UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FITEQ INC,

               Plaintiff,

    v.

VENTURE CORPORATION, et al.,

               Defendants.

Case No.  13-cv-01946-BLF

ORDER DENYING PLAINTIFF FITEQ, INC.'S MOTION TO REOPEN DISCOVERY

[Re:  ECF 431]

This case began with a partnership between the parties to build a payment card that would combat fraud.  FiTeq Inc. ("FiTeq") and Venture Corporation, Inc. ("Venture") entered into an Operating Agreement ("OA") in 2009, pursuant to which each party had responsibilities: FiTeq was to design, develop, market, and sell the card, while Venture was to "seamless[ly] manufactur[e]" it.  ECF 199-26, OA Recitals.  The agreement was highly sequenced, with ten milestones, each of which had up to nine component parts.  *See* ECF 199-26, OA Exh. B.  The joint project ultimately failed, but the parties dispute which—and most importantly whose—action caused the failure.

Now before the Court is FiTeq's motion to reopen discovery. Mot., ECF 431.  For the reasons discussed below, the Court DENIES FiTeq's motion without prejudice.

I.    **BACKGROUND**

Discovery in this case closed in February 2015, but the Court reopened fact discovery in March 2015, after finding that Plaintiff's disclosures of certain damages computations were inadequate and because FiTeq failed to provide cards for testing. ECF 141, 194, 233.  Reopening fact discovery caused the Court to continue the trial date from August 31, 2015 to May 9, 2016. ECF 233, 257; Opp'n 1, ECF 438 ("Th[e] new discovery took more than nine months and caused the Court to move the trial date.").  On May 5, 2016, the Court vacated the May 9, 2016 trial date to accommodate the Court's schedule because the Court was in trial in another case.  ECF 413.

United States District Court
Northern District of California

1    Trial was subsequently reset for October 3, 2016.  ECF 417.  After Defendants notified the Court

2    to their unavailability for trial on that date, the Court reset the trial for January 4, 2017.  ECF 422.

3    The Court expects this case, which was filed in 2013, to go to trial on that date and has already

4    ruled on the parties' motions *in limine* and joint pretrial statements.  ECF 406, 437.

5         Nevertheless, four months before trial, FiTeq filed this motion to reopen discovery.  Mot.

6    1, ECF 431.  Through this motion, "FiTeq seeks an order reopening discovery until December 16,

7    2016" so that the production of an August 23, 2016 letter from MasterCard approving FiTeq's

8    payment card for pilot use, and the related reports and test results, would be deemed timely for use

9    at trial.  *Id.* at 1.  Alternatively, "FiTeq seeks an order letting it use this evidence at trial in

10   response to any attempted showing by Venture that FiTeq's card technology is not viable or

11   reasonably likely to be commercialized."  *Id.*  Through its motion, FiTeq seeks to reopen

12   discovery until two weeks before trial to produce the MasterCard letter and several other

13   documents without specificity.

14        Pursuant to its request, FiTeq produced the MasterCard letter and various related

15   documents on August 29, 2016 and "sent Venture['s] counsel a letter inviting Venture to start

16   scheduling any discovery it wished to conduct concerning the MasterCard approval."  *Id.* at 4.

17   FiTeq produced (1) FiTeq internal test reports; (2) a test report by a lab called "QCard," (3) expert

18   testimony of Uwe Truggelman, (4) reviews and papers, and (5) the MasterCard letter.  Opp'n 2.

19   Venture declined to engage in discovery and now opposes FiTeq's motion.  *See generally* Opp'n.

20   **II.    LEGAL STANDARD**

21        Pretrial deadlines "may be modified only for good cause and with the judge's consent.

22   Fed. R. Civ. P. 16(b)(4).  In determining whether there is good cause to re-open discovery, courts

23   consider the following factors:

24              1) whether trial is imminent, 2) whether the request is opposed, 3)
                whether the non-moving party would be prejudiced, 4) whether the
25              moving party was diligent in obtaining discovery within the
                guidelines established by the court, 5) the foreseeability of the need
26              for additional discovery in light of the time allowed for discovery by
                the district court, and 6) the likelihood that discovery will lead to
27              relevant evidence.

28   *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) *vacated on other*

1  *grounds*, 520 U.S. 939 (1997) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

2       "Rule 16(b)'s 'good cause' standard primarily concerns the diligence of the party seeking

3  the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see*

4  *also* Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment) (noting district court may

5  modify pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking

6  the extension."). "If [the party seeking the modification] was not diligent, the inquiry should end

7  there." *See Johnson,* 975 F.2d at 609. "The district court is given broad discretion in supervising

8  the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order .

9  . . will not be disturbed unless they evidence a clear abuse of discretion." *Id.* at 607 (internal

10  quotation marks and citation omitted).

## III.   DISCUSSION

12       At the hearing, the Court expressed concern that FiTeq's motion was overly broad and that

13  FiTeq was requesting to reopen discovery until two weeks before trial, which coincides with the

14  December holidays.  Hr'g Tr. 3:4–6, ECF 452.  Instead, the Court suggested that it would be more

15  reasonable to address the issue at trial. *Id.* 3:7–8.  In response, FiTeq conceded that the motion

16  was overly broad, and agreed that "this is a matter best handled at trial on rebuttal, depending on

17  what Venture says and how it says it." *Id.* 3:21–22.  Based upon FiTeq's concession, the Court

18  need not determine whether FiTeq has met its burden under Rule 16.  The Court finds it

19  reasonable to allow FiTeq the opportunity to request admission of the MasterCard letter at trial.

20       Accordingly, FiTeq's motion to reopen discovery is DENIED.  FiTeq may seek to

21  introduce the MasterCard letter in rebuttal if Venture opens the door by submitting evidence to

22  prove that even today, FiTeq's card could never be certified.  FiTeq will still face the hurdle of

23  establishing the admissibility, relevance, and probative value of the MasterCard letter.

24       **IT IS SO ORDERED.**

25  Dated: October 17, 2016

26

27  BETH LABSON FREEMAN
United States District Judge

28

United States District Court
Northern District of California

3