UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FITEQ INC,<br><br>    Plaintiff,<br><br>    v.<br><br>VENTURE CORPORATION, et al.,<br><br>    Defendants. | Case No.  13-cv-01946-BLF<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR DISCOVERY FEES AND COSTS**<br><br>[Re:  ECF 415] |

Before the Court is Defendants' motion for discovery fees and costs.  Mot., ECF 415.  In a prior order, this Court found that Plaintiff FiTeq Inc.'s ("FiTeq") lost profits and valuation damages computations were inadequate under Rule 26, and ordered FiTeq to pay reasonable attorneys' fees to Defendants for any duplicative discovery they needed to conduct regarding damages calculations, including but not limited to costs relating to re-deposing certain fact witnesses.  Order on Defs.' Mot. to Exclude Evidence, ECF 194 ("Prior Order").  The parties have met and conferred, but were unable to come to an agreement as to reasonable attorneys' fees. Mot. 1.  Defendants now move for an award of those fees and related expenses: (1) $122,229.30 for the extra fees and costs related to re-deposing FiTeq's CEO, Joan Ziegler, and CFO, Bill Carson; (2) $15,521.96 for expert witness and videographer fees and costs for Defendants' fourth visit to FiTeq's facility in Florida; (3) $1,978.75 for half of other videographer costs; and (4) $15,885.50 related to this Motion.  *Id.* at 9; Reply ISO Mot. 5, ECF 427.

Since completing briefing, the parties resolved two of the four disagreements.  First, Venture accepted FiTeq's offer to pay $12,394.09 for Defendants' experts' fourth visit to FiTeq's facility in Florida.[1]  *Id.* at 1.  Second, FiTeq conceded that it owed $1,978.75 for videographer fees.  *Id.*  Thus, the only remaining issues are the attorneys' fees and discovery costs associated

---

[1] Defendants asked for $15,521.96.

with the alleged duplicative discovery and with this motion.

"District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir. 2016) (internal citation omitted). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Once calculated, the lodestar amount, which is presumptively reasonable, may be further adjusted based on other factors not already subsumed in the initial lodestar calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 363–64, nn.3–4 (9th Cir. 1996) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)) (identifying factors).

### A.     Availability of Fees and Costs

The Court already determined that an award of fees and costs is appropriate with respect to any duplicative discovery necessitated by FiTeq's revised damages calculations. Thus, the Court must determine whether the claimed fees actually relate to the revised calculations.

Defendants request attorneys' fees related to (1) the May 20, 2015 deposition of Ms. Ziegler on FiTeq's alleged direct business expenses; (2) the May 21, 2015 deposition of Ms. Ziegler and Mr. Carson as FiTeq 30(b)(6) witnesses on lost profits; and (3) the May 22, 2015 deposition of Ms. Ziegler and Mr. Carson as FiTeq 30(b)(6) witnesses on business valuation. Mot. 4. FiTeq contends that only a portion of the depositions was duplicative, and thus, it is not required to reimburse Defendants for everything they request. Opp'n 6–8, ECF 426. At the hearing, however, FiTeq argued that the May 20 deposition was not covered by the Court's prior order, and Defendants conceded the point. Hr'g Tr. 15:23–16:1, ECF 452; *id.* 16:14–20 ("I don't think that direct damages were expressly in your order[.]"). Accordingly, the Court finds that Defendants are not entitled to an award of costs or fees related to the May 20 deposition.

FiTeq concedes that the Court's prior order covers at least a portion of the May 21 and 22 depositions, and thus, Defendants are entitled to recover at least some of what they request. Additionally, Defendants are entitled to some of the fees associated with bringing this motion for fees and costs. The Court must now determine whether Defendants' attorney rates and the claimed costs are reasonable.

### B.     Amount of Fees

#### i.    Reasonableness of Rates

When determining the reasonable hourly rate, the court must weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986) *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 886 (1984). The relevant community for analyzing reasonable hourly rates "is the forum in which the district court sits," here the Northern District of California. *Camacho*, 523 F.3d at 979.

Defendants seek to recover fees for work performed by four attorneys: Patricia Refo, David Rogers, David Barker, and Jacob Jones, as well as three professionals: Maureen Zachow, Daniel Thursby, and Maria Hunter. Their hourly rates and titles are as follows:

| Attorney | Hourly Rate | Title |
| --- | --- | --- |
| Patricia Refo | $660 | Partner |
| David Rogers | $595 | Partner |
| David Barker | $420 | Partner |
| Jacob Jones | $235 | Associate |
| Maureen Zachow | $215 | Paralegal |
| Daniel Thursby | $115 | Records Assistant |
| Maria Hunter | $115 | Records Assistant |

*See* Ex. 11 to Jones Decl., ECF 415-11; Rogers Decl. ¶ 13, ECF 415-1. In support of their request, Defendants, who bear the burden of establishing reasonableness, state that the rates are customary and consistent with the rates changed by other lawyers and paralegals with similar experience,

3

education, and training. Rogers Decl. ¶ 13. Plaintiff does not contest this assertion.

"In the Bay Area, 'reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.'" *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 591–92 (N.D. Cal. 2015). Defendants requested rates fall well within these parameters, and, based on the Court's prior experience, the Court find these rates to be reasonable in light of the attorneys' skill and experience.

### ii. Reasonableness of Hours

The Court next considers the reasonableness of the hours expended. The Court cannot "uncritically" accept the plaintiff's representations; rather, it must assess the reasonableness of the hours requested. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). In making this determination, the Court can reduce hours when documentation is inadequate, or when the requested hours are redundant, excessive, or unnecessary. *Hensley*, 461 U.S. at 433–34.

Defendants seek fees for the 334 hours of work done by Ms. Refo (PR), Mr. Rogers (DR), Mr. Barker (DB), Mr. Jones (JJ), Ms. Zachow (MZ), Mr. Thursby (DT), and Ms. Hunter (MH).[2] *See* Ex. 11 to Jones Decl.; ECF 448. Plaintiff submitted hourly records and a table that divides each attorney's hours into seven categories of work, the latter of which the Court reproduces below without the information pertaining to the May 20 deposition.

|  | **PR** | **DR** | **DB** | **JJ** | **MZ** | **DT** |
|---|---|---|---|---|---|---|
| **May 21 Deposition** | 46.7 | 8.2 | 30.5 | 12.8 | 0.7 | 0.6 |
| **May 22 Deposition** | 24.3 | 7.7 | 19.9 | 12.8 | 0.8 | 0.6 |
| **Travel to and from Depositions** | 0 | 0 | 2.3 | 0 | 0 | 0 |
| **Communications with FiTeq Regarding Depositions** | 0.8 | 0 | 0 | 0 | 0 | 0 |
| **Fee Motion** | 0 | 12.4 | 4.1 | 27.5 | 0 | 0 |
| **Reply Brief** | 0 | 17.0 | 4.9 | 38.7 | 0.8 | 0 |
| **Total** | **71.8** | **45.3** | **61.7** | **91.8** | **2.3** | **1.2** |

---

[2] Ms. Hunter is not reflected on the reproduced chart because the only hours she expended related to the May 20 deposition, which the Court already determined is not related to its prior order.

4

*See* Ex. 11 to Jones Decl. 1–4; ECF 448.

Plaintiff argues that the request should be reduced to exclude time spent on topics not sufficiently related to its revised damages calculations. Opp'n 7–8. FiTeq argues that at least 10.3 percent of the May 21 deposition and 14.9 percent of the May 22 deposition are not sufficiently related to the Court's prior order, and that any award to Defendants should be reduced accordingly. *Id.* at 8; Atkinson Decl. ¶¶ 6(b), (c) (providing examples of unrelated topics). Defendants however, contend that FiTeq's argument lacks merit, and explain why each of the topics cited by is related to the revised damages disclosure. Reply ISO Mot. 3–4. The Court finds that Defendants have adequately explained how the depositions were primarily necessitated by FiTeq's new damages disclosures, and therefore rejects FiTeq's request to reduce the amount of fees by the percentages enumerated above. However, for the reasons discussed below, the Court finds it appropriate to reduce the number of hours Defendants claim for the depositions.

Given the complexity of this case, the Court finds Ms. Refo's hours with respect to the two depositions reasonable. Ms. Refo was the attorney principally responsible for the May 21 and 22 depositions, and accordingly did the bulk of the related work. Therefore, the Court finds the 71 hours Ms. Refo expended preparing for and taking two 30b(6) depositions to be reasonable. The Court also finds the time expended by Mr. Rogers, Mr. Jones, and the support staff, with respect to these depositions, reasonable, including the travel time and time spent communicating with FiTeq's counsel. Gone are the days when one lawyer is responsible for every task without some form of support. The Court thus finds these hours to be reasonable as well.

The Court finds Mr. Barker's hours for the depositions unreasonable, however. Mr. Barker, as the third partner, spent nearly as much time on the two depositions as did Ms. Refo. Given the circumstances, the Court finds the requested 30.5 and 19.9 hours to be entirely unreasonable. Accordingly, the Court reduces the time for the May 21 deposition to 10 hours and the time for the May 22 deposition to 5 hours to be more in line Mr. Rogers' hours and with the anticipated role of a third partner.

FiTeq also argues that Defendants are not entitled to the entirety of their request on the instant motion because the Court, in its prior order, "invited" Plaintiffs to challenge the

5

reasonableness of any fees claimed.  Hr'g Tr. 21:22–22:3.  In actuality, the Court stated, "Plaintiff, as always, reserves the right to challenge the reasonableness of any fees sought by Defendants."  Prior Order 3 n.1.  Nevertheless, the Court finds the hours expended preparing the fee motion and reply brief to be reasonable as to Mr. Jones, the primary attorney responsible for drafting the motion and reply.  However, Mr. Rogers and Mr. Barker were charged only with reviewing Mr. Jones's work, and thus, the Court finds their hours to be unreasonable.  Accordingly, the Court reduces Mr. Rogers' hours to a total of 15 hours to account for the time spent reviewing Mr. Jones's work—a reasonable amount of time to review an associate's work.  Because it is not necessary for two partners to review an associate's work, the Court finds none of Mr. Barker's time reasonable.

Combining the reductions outlined above results in a total award of 215.3 hours, detailed in the table below.  As explained above, the Court finds these hours to be reasonable in light of the work accomplished and the skill and expertise of the attorneys.

|  | PR | DR | DB | JJ | MZ | DT |
|---|---|---|---|---|---|---|
| **May 21 Deposition** | 46.7 | 8.2 | 10 | 12.8 | 0.7 | 0.6 |
| **May 22 Deposition** | 24.3 | 7.7 | 5 | 12.8 | 0.8 | 0.6 |
| **Travel to and from Depositions** | 0 | 0 | 2.3 | 0 | 0 | 0 |
| **Communications with FiTeq Regarding Depositions** | 0.8 | 0 | 0 | 0 | 0 | 0 |
| **Fee Motion** | 0 | 7.5 | 0 | 27.5 | 0 | 0 |
| **Reply Brief** | 0 | 7.5 | 0 | 38.7 | 0.8 | 0 |
| **Total** | **71.8** | **30.9** | **17.3** | **91.8** | **2.3** | **1.2** |

### iii.     Lodestar Calculation

Based on the foregoing, the total lodestar calculation is summarized in the following table:

| Attorney/ Staff | Hourly Rate | Hours Requested | Hours Excluded | Hours Awarded | Total Tentatively Awarded |
|---|---|---|---|---|---|
| **Ms. Refo** | $660 | 77.8 | 6 | 71.8 | $47,388.00 |
| **Mr. Rogers** | $595 | 50.7 | 19.8 | 30.9 | $18,385.50 |

| | | | | | |
|---|---|---|---|---|---|
| **Mr. Barker** | $420 | 104.1 | 86.8 | 17.3 | $7,266.00 |
| **Mr. Jones** | $235 | 93.4 | 2.6 | 91.8 | $21,573.00 |
| **Ms. Zachow** | $215 | 6.0 | 3.7 | 2.3 | $494.50 |
| **Mr. Thursby** | $115 | 1.6 | 0.4 | 1.2 | $138.00 |
| **Ms. Hunter** | $115 | 0.4 | 0.4 | 0 | 0 |
| | | | | **Total** | $95,245.00 |

The Court does not find it necessary or appropriate to adjust the lodestar amount.

### C.     Costs

In addition, Defendants seek $10,650.76 as reimbursement for costs related to the depositions.  *See* Ex. 11 to Jones Decl. 4, 28–30.  As previously discussed, Defendants are not entitled to costs associated with the May 20 deposition.  As to the May 21 deposition, Defendants seek reimbursement of $3,702.48, inclusive of a $991.82 expediting fee.  *Id.* at 28.  As to the May 22 deposition, Defendants seek reimbursement of $3,858.17, inclusive of a $1,026.19 expediting fee.  *Id.* at 30.

At the October 13, 2016 hearing, FiTeq agreed to pay $5,542.65, representing the cost of a court reporter for the May 21 and 22, 2015, depositions only, excluding the expediting fee.  Hr'g Tr. 22:25–23:6.  The Court, however, concludes that the expediting fee is reasonable because trial was scheduled for October 2015, a mere four months after the depositions.  Accordingly, the Court awards Defendants $7,560.65 in costs.

### I.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion for attorney's fees is GRANTED AS MODIFIED.  Defendants shall recover attorneys' fees in the amount of $95,245.00 and costs in the amount of $21,933.49, inclusive of the $14,372.84 agreed upon by the parties, for a total of $117,178.49.

**IT IS SO ORDERED**

Dated: December 15, 2016

_____
BETH LABSON FREEMAN
United States District Judge

7